IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| **DAVID MUTTERSPAW**,<br><br>**Plaintiff,**<br><br>v.<br><br>**AT&T, CRICKET WIRELESS, THE SALT LAKE CITY WEEKLY, SALT LAKE COMMUNITY LIBRARY, SALT LAKE TRIBUNE, SPRINT, BOB TEMPLETON, an individual, and WELLS FARGO,**<br><br>**Defendants.** | **REPORT & RECOMMENDATION**<br><br>Case No. 2:13-cv-00003<br><br>District Court Judge Dee Benson<br><br>Magistrate Judge Dustin Pead |

On January 7, 2013, the Court granted *pro se* Plaintiff David Mutterspaw ("Plaintiff") leave to proceed *in forma pauperis* (Dkt. No. 2) thereby allowing Plaintiff to commence his lawsuit without prepayment of fees and costs. *See* 28 U.S.C. § 1915. Thereafter, Plaintiff filed his civil rights Complaint against Defendants AT&T, Cricket Wireless, The Salt Lake City Weekly, Salt Lake Community Library, Salt Lake Tribune, Sprint, Bob Templeton and Wells Fargo (collectively "Defendants"). On April 15, 2013, the Court issued an Order To Show Cause (Dkt. No. 34) requiring Plaintiff to file proof of service with the Court. *See*, Fed. R. Civ. P. 4(l)(1) ("Unless service is waived, proof of service must be made to the court."). In response, Plaintiff filed a letter, attached to which were the summons and proof of service documents for the named Defendants (Dkt. No. 35.)

Upon review of Plaintiff's Complaint and the proof of service documents submitted, the Court hereby recommends to the District Court that Plaintiff's Complaint be

dismissed for: (1) improper service and; (2) filing a frivolous complaint.

**IMPROPER SERVICE**

Federal Rule of Civil Procedure 4(c)(2) requires that a summons be served by "[a]ny person who is at least 18 years old and *not a party.*" (Emphasis added).  Here, Plaintiff has improperly served his own summons.  Further, at least with respect to one defendant (Dkt. No. 22), Plaintiff has failed to serve a copy of the Complaint along with the summons.  *See* Fed. R. Civ. P. 4(c)(1) ("A summons must be served with a copy of the complaint.").  While Defendants Salt Lake Tribune, Cricket Wireless and Wells Fargo have filed motions to dismiss, indicating that despite these procedural deficiencies they have received notice of the action, the Court has not received any filings from defendants AT&T, Salt Lake City Weekly, Salt Lake Community Library or Bob Templeton and therefore cannot assume that those Defendants have received actual notice of the cause of action.  *See Kitchens v. Bryan County Nat'l Bank,* 825 F.2d 248, 256 ("federal courts generally take a permissive attitude towards the mechanism employed for service of process when defendant actually receives notice.") (citations omitted).

Based thereon, the Court concludes that service has not been properly executed and recommends that Plaintiff's Complaint be dismissed.

**FRIVOLOUS PURSUANT TO 28 U.S.C. § 1915**

As an additional ground for dismissal, the Court finds that Plaintiff's claims are frivolous and should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

When a party is allowed to proceed *in forma pauperis*, the Court has a duty to "dismiss the case at any time if the court determines that . . . .the action or appeal is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant

who is immune from such relief." 28 U.S.C. § 1915(e)(2). The United States Supreme Court has construed the meaning of "frivolous" within the context of the *in forma pauperis* statute, holding that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *Neizke v. Williams*, 490 U.S. 319, 325 (1989). A Court may properly find a claim frivolous if "the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or where a Plaintiff asserts "an indisputably meritless legal theory." *Neizke* at 327.

Here, while generally incomprehensible, Plaintiff's Complaint randomly references the violation of a "2 year contract," "computer tampering" and "[a] wrong security or email address" as grounds for his action (Dkt. No. 3.) Plaintiff further reports injuries of "illness death almost a result," "anger/mental stress" and "expenses of merchandise replacement cost." *Id.* Plaintiff's Complaint is far from clear. While the Court construes Plaintiff's Complaint liberally because he is proceeding *pro se*, a "broad reading of [Plaintiff's] complaint does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). Even under a liberal standard of review, Plaintiff's Complaint lacks an arguable basis in law, the facts alleged are irrational and Plaintiff's legal theory, if any, is meritless.

**RECOMMENDATION**

Accordingly, it is hereby recommended to the District Court Judge that Plaintiff's Complaint be DISMISSED:

1. For failure to effect proper service; and

2. Pursuant to the *in forma pauperis* statue, 28 U.S.C. § 1915(e)(2)(B)(i).

As a result of the dismissal, it is further recommended that Plaintiff's Motion to Amend in order to add an additional defendant (Dkt. No. 10), Defendant Salt Lake Tribune's Motion To Dismiss (Dkt. No. 16), Defendant Cricket Wireless' Motion To Dismiss (Dkt. No. 20), Defendant Wells Fargo's Motion To Dismiss (Dkt. No. 27) and Defendant Wells Fargo's Amended Motion To Dismiss (Dkt. No. 28) be denied as MOOT.

Copies of the foregoing Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The parties must file an objection to this Report and Recommendation within fourteen (14) days of being served. *Id.* Failure to object may constitute waiver of objections upon subsequent review.

DATED this 10th day of May, 2013.

_____
Dustin Pead
U.S. Federal Magistrate Judge